UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 GALLUP, TOZZI, and HAM
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E2 ANDREW M. HARLAN
 United States Army, Appellant

 ARMY 20060504

 Multi-National Corps - Iraq
 Michael J. Nelson, Military Judge
 Colonel Michele M. Miller, Staff Judge Advocate (post-trial recommendation)
 Lieutenant Colonel Scott E. Reid, Acting Staff Judge Advocate (addendum)

For Appellant: Mr. Lawrence A. Hildes, Esquire; Captain Seth A. Director,
JA (on brief).

For Appellee: Colonel John W. Miller II, JA, Major Elizabeth G. Marotta,
JA, Major Tami L. Dillahunt, JA, Captain Adam S. Kazin, JA (on brief).

 9 December 2008

 -----------------------------------------
 SUMMARY DISPOSITION
 -----------------------------------------
Per Curiam:

 A military judge sitting as a special court-martial empowered to
adjudge a bad-conduct discharge, convicted appellant, pursuant to his
pleas, of larceny of personal property and wrongfully opening mail, in
violation of Articles 121 and 134, Uniform Code of Military Justice, 10
U.S.C. §§ 921 and 934 [hereinafter UCMJ]. The military judge sentenced
appellant to a bad-conduct discharge, five months confinement, forfeiture
of $950.00 pay per month for five months, and reduction to E1. The
convening authority approved the adjudged sentence.

 This case is before the court for review pursuant to Article 66, UCMJ.
 We have considered the entire record of trial, appellant’s assignments of
error, the matters personally raised by appellant, and the government’s
reply thereto. We find one of appellant’s assignments of error merits
brief discussion and relief.

 Appellant asserts, the government concedes, and we agree that the
military judge improperly sentenced appellant to forfeit $950.00 pay per
month for five months. Article 19, UCMJ, states a special court-martial
is forbidden from imposing forfeitures exceeding two-thirds pay per month.
Furthermore, the maximum possible forfeiture of pay per month “shall be
based on the grade to which the accused is reduced.” Rule for Courts-
Martial 1003(b)(2). The military judge sentenced appellant to a reduction
to E1. Consequently, the maximum possible forfeiture of pay per month in
this case was $849.00. See 2006 Military Pay Table.

 We have reviewed the remaining assignments of error and the matters
personally raised by appellant pursuant to United States v. Grostefon, 12
M.J. 431 (C.M.A. 1982), and conclude they are without merit. The findings
of guilty are affirmed. On consideration of the entire record, we affirm
only so much of the sentence as provides a bad-conduct discharge,
confinement for five months, forfeiture of $849.00 pay per month for five
months, and reduction to E1. All rights, privileges, and property of which
appellant has been deprived by virtue of that portion of his approved
sentence set aside by this decision are ordered resorted. See Articles
58b(c) and 75(a), UCMJ.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court